IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 21-cv-1409<br>)<br>) COMPLAINT |
| v. | )<br>) |
| PENSEC, INC., dba McDonald's<br>Defendant. | ) JURY TRIAL DEMANDED<br>)<br>) |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and to provide appropriate relief to a class of Black applicants who were adversely affected by such practices. As alleged with greater particularity in paragraph 12 below, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Pensec, Inc., dba McDonald's ("Pensec" or "Defendant" or "McDonald's") has engaged in discrimination against a class of Black applicants to its franchise location on West Washington Street in Milwaukee, Wisconsin, by failing or refusing to hire them because of their race since 2017.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f) (1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful acts alleged below were committed within the jurisdiction of the United

States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a corporation doing business in Milwaukee, Wisconsin.

5. At all relevant times, Defendant has had at least fifteen (15) employees.

6. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

## ADMINISTRATIVE PROCEDUES

7. More than thirty (30) days prior to the institution of this lawsuit, Rhonda Capleton filed a Charge of Discrimination with the Commission alleging Defendant violated Title VII by subjecting her to race discrimination.

8. On May 11, 2021, the Commission issued to Defendant a Letter of Determination finding that there is reasonable cause to believe Defendant discriminated against a class of Black applicants, including Capleton, by failing to hire them based on their race in violation of Title VII. EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. Thereafter, the EEOC determined that it was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on July 7, 2021 issued to Defendant a notice of conciliation failure.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least 2017, Defendant has engaged in unlawful employment practices at its location on West Washington Street in Milwaukee, Wisconsin in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. §2000e-2(a)(1) and (2) by failing or refusing to hire Black applicants because of their race. Black applicants who were not hired include but are not limited to: Rhonda Capleton, Zakenziea Hicks, Dartasheeonia Green, and Flahleesha Stinson. Evidence of this unlawful practice includes, for example,

    a) after applying, Capleton being told by an employee of Defendant that Defendant would not hire her because the store manager "don't like N-----s." Capleton was not hired,

    b) another unsuccessful Black applicant being told by an employee of Defendant that Defendant needed "Spanish People,"

    c) non-Black applicants similarly situated to unsuccessful Black applicants being hired by Defendant, and

    d) a statistically significant shortfall in the hiring of Black employees based on 2010 census data for Milwaukee County.

13. The effect of the practices complained of in paragraph 12 has been to deprive a class of Black applicants of equal employment opportunities and otherwise adversely affect their status of applicants because of their race.

14. The unlawful employment practices complained of in paragraph 12 were intentional.

15. The unlawful employment practices complained of in paragraph 12 were done with malice or with reckless indifference to the federally protected rights of a class of Black applicants.

**PRAYER FOR RELIEF**

**Wherefore**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant its, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of race;

B.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against employees who oppose practices made unlawful by Title VII;

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black applicants and which eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make whole the class of Black applicants by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trail, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful place hiring of a class of Black applicants;

E. Order Defendant to make whole the class of Black applicants by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful

employment practices described above, including, but not limited to, emotional pain, humiliation, and inconveniences, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interests; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by the Complaint.

Dated: December 13, 2021.
          GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney
Gregory.Gochanour@eeoc.gov

Deborah L. Hamilton
Supervisory Trial Attorney
Deborah.Hamilton@eeoc.gov

*s:/Adrienne L. Kaufman*
Adrienne Kaufman
Trial Attorney
U.S. Equal Employment Opportunity Commission
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
(612) 552-7315
Adrienne.Kaufman@eeoc.gov

Laurie Elkin
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, Illinois 60604
(312) 872-9708
Laurie.Elkin@eeoc.gov