# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PENSEC, INC., dba McDonald's  )<br>)<br>Defendant.  ) | Civil Action No. 21-cv-1409<br><br>Honorable J.P. Stadtmueller<br>Magistrate Judge Nancy Joseph |

## THE LITIGATION

1.  On December 13, 2021, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed Case No. 21-cv-1409 alleging that Defendant Pensec, Inc., dba McDonald's ("McDonald's" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by failing or refusing the hire Black applicants to work at its West Washington Street franchise location in Milwaukee because of their race since 2017.

2.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that these actions should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising of the Complaint filed by the EEOC and shall be binding on the EEOC and Defendant. By entering into this Decree, neither party makes any admission regarding any claims or defenses thereto.

## **FINDINGS**

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction of the subject matter of these actions and of the parties;

   b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Defendant, the Charging Party, the claimants, and the public interest are adequately protected by this Decree; and

   c. This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Charging Party, the claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### INJUNCTION

4. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it are enjoined from engaging in any employment practice in violation of Title VII that discriminates on the basis of race in hiring or termination at its West Washington Street franchise location.

5. Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or benefitted from the relief provided by this Decree.

### MONETARY RELIEF

6. Defendant shall pay the gross aggregate amount of $31,137.50 to be distributed among Charging Party and the identified claimant as follows. In consideration of Charging Party Rhonda Capleton's execution of the Release Agreement attached as Exhibit A, Defendant agrees

to pay Capleton the gross sum of $25,000, $18,663 of which shall be for compensatory damages and $6,337 of which shall be for lost wages, less applicable withholding and deductions for federal, state, and local taxes, for which a W-2 will be issued at the appropriate time. Defendant may not deduct the employer's portion of applicable payroll taxes. In consideration of identified claimant Flahleesha Stinson's execution of the Release Agreement attached as Exhibit A, the Defendant agrees to pay Stinson the gross sum of $6,137.50, $4,602.50 of which shall be for compensatory damages and $1,535 of which shall be for lost wages, less applicable withholding and deductions for federal, state, and local taxes, for which a W-2 will be issued at the appropriate time.  Defendant may not deduct the employer's portion of applicable payroll taxes.  Defendant shall send payment by check via Certified or Registered Mail to each individual within ten (10) days of the later of: approval of this Decree by the Court and Defendant's receipt of the Release attached as Exhibit A for that individual.

## **HIRING GOALS**

7. To ameliorate past conduct alleged by the EEOC, Defendant shall exercise its best efforts to meet the hiring goals for Black individuals set forth in this section for hiring at its West Washington location. "Best efforts" means implementing and adequately funding a plan reasonably designed to comply with the specific hiring goals set forth herein:

   a. Achievement of the goals will be calculated on a six-month basis for the duration of the Decree, starting 90 days after the entry of the decree.

   b. Goals will be calculated for the same six-month periods as the semi-annual reports.

   c. Defendant shall use a voluntary self-identification form to identify the race of applicants to the West Washington location. The voluntary self-identification form shall be maintained separately from the applicant's other materials. Pensec shall not provide the self-identification form to any individual who makes or has input into decisions regarding whether to interview or hire the applicant. The self-identification form shall not be reviewed by any individual who makes or has input into decisions regarding whether to interview or hire an applicant.

d. Defendant shall monitor, by applicant self-identification, the applicant flow rate of Black individuals to its West Washington location. "Applicant Rate" shall be the percentage of total applicants who self-identify as Black measured on a six-month basis.

e. Defendant shall use the Applicant Rate in the preceding six-month period as the hiring goal for Black individuals ("Hiring Goal"). Defendant shall identify the applicable Applicant Rate to the EEOC within fourteen (14) calendar days of the beginning of each six-month period.

f. The hiring goal for the first six months after the entry of the Decree shall be 42 percent, which is equal to the percentage of hires that were Black for the one-year period preceding entry of the Decree

g. Defendant's failure to achieve the Hiring Goal for a particular six-month period will not be considered a violation of the Decree unless Defendant failed to use best efforts to meet the Hiring Goal.

## **RECORD KEEPING**

8. For the duration of the Decree, Defendant shall maintain in their original native format, as well as any other format that Defendant creates or maintains, and make available for inspection and copying by the EEOC the following records for its West Washington Street franchise location:

   a. All applications for employment, including enclosures such as resumes and cover letters;

   b. All notes of interviews with an applicant, notes of other contact with an applicant and notes of attempts to contact an applicant;

   c. All applicant race self-identification forms;

   d. Within 90 days after entry of the Decree, Defendant shall create and maintain a database containing for each applicant: the name, race, social security number, address, e-mail address, telephone number, position applied for, date of application, interview date; date of job offer and position offered (if any); whether an applicant failed to respond to an interview request; whether an applicant withdrew from the application process; whether a job offer was accepted or rejected; if applicable, reason for rejection for employment if not given a job offer;

e. A complete employee database including the same information as well as the employee's job title(s) and dates of positions held; and also including termination date, if applicable, and reason for termination;

f. Job descriptions; and

g. Documents related to any complaint of race discrimination or retaliation made by an applicant or employee. Such documentation shall consist of the complaint, if written, the date the complaint was made, the name of the complainant, the allegations of the complaint, all witness statements, and what actions Defendant took, if any, to resolve the matter.

9. Defendant shall make all documents or records referred to in Paragraph 8 above available for inspection and copying within fourteen (14) calendar days after the EEOC so requests. Defendant shall require its personnel to verify compliance with this Decree, to cooperate with the EEOC, and to be interviewed.

## REPORTING

10. At six-month intervals for the duration of the Decree Defendant shall provide reports to the EEOC. The first Report shall be due six months after entry of the Decree. The last Report shall be due 60 days before the expiration of the Decree. The reports shall include the information regarding the following for Defendant's West Washington Street franchise location:

a. Progress in reaching its Hiring Goals. Defendant will indicate any shortfalls in achieving its Hiring Goals and will analyze the possible reasons for such shortfall, and will identify plans to facilitate achievement of the Hiring Goals;

b. A database containing for each applicant: the name, race (if provided by the applicant, otherwise the race will be recorded as "unknown"), social security number (if provided by the applicant), address, telephone number, position applied for, date of application, interview date; date of job offer and position offered (if any); whether an applicant failed to respond to an interview request; whether an applicant withdrew from the application process; whether a job offer was accepted or rejected; if applicable, reason for rejection for employment if not given a job offer;

c. A complete employee database including the same information as well as the employee's job title(s) and dates of positions held; and also including termination date, if applicable, and reason for termination;

d. The database shall also identify the total number of persons identified by race:

- who were hired;

- who applied for / inquired about each position;

- who were interviewed;

- who were offered a position but declined the employment offer;

- who voluntarily withdrew from consideration and the reason(s) for the withdrawal, if known;

- who were unresponsive to Defendant's attempts to conduct an interview.

e. The identification of each and every decision-maker for each hiring event;

f. For each applicant who was not selected as a result of a hiring event, the reason(s) for the non-selection and the race of the applicant;

g. An explanation regarding the resignation or termination of any African-American employee who is hired by Defendant and whose employment ceases whether at the employee's request or at the request of the employer and documents related to such resignation or termination;

h. A description of changes, if any, to Defendant's application, interviewing, and hiring procedures, or job descriptions that were made during the reporting period; and

i. All complaints or reports, oral or written, of race discrimination or retaliation and what actions, if any, Defendant took to resolve the matter.

## POLICIES AGAINST DISCRIMINATION

11. Within sixty days of the entry of the Decree, Defendant will review its anti-discrimination and anti-retaliation policies applicable to its West Washington Street franchise location as well as its policy applicable to the investigation of complaints to ensure that they are consistent with the Defendant's obligations under the Decree. Defendant will provide copies of any revisions to the EEOC for comment. After EEOC has had twenty-one days for comments, and

there is no dispute regarding the revisions, Defendant will redistribute the policies to each of its employees at its West Washington franchise location.

12. The inclusion of Paragraph 11 in the Decree does not represent EEOC's or the Court's approval of Defendant's policies against race discrimination or retaliation. All persons hired during the term of the Decree will be provided with copies of the policies during orientation.

**TRAINING**

13. All persons actively employed by Defendant at its West Washington Street franchise location will participate in annual training sessions conducted by an outside trainer during the term of the Decree regarding Title VII's prohibition on discrimination based on race and retaliation, with the first session to take place within ninety (90) days of the date of entry of the Decree. The training sessions can be offered via video or PowerPoint presentation and must be available in both English and Spanish and offered to employees in the language of their choice.

14. Any manager or human resources professional and any other person who has any responsibility for hiring at Defendant's West Washington Street franchise location, including any employees who have input into and/or decide which applicants to interview, employees who interview applicants, employee who have input into the hiring process, employees who make hiring decisions, and employees responsible for enforcing Defendant's policies against discrimination and retaliation applicable at Defendant's West Washington Street franchise location will participate annually in a separate session for such employees designed to cover their responsibilities. Any employees with any responsibility for investigating complaints of discrimination will participate in an annual training regarding best practices for complaint investigation and communication with complaints. Such training shall be conducted by an outside trainer. The first annual training shall take place within ninety (90) days of entry of this Decree. The training sessions can be offered virtually, for example, via Zoom or WebEx.

15. Defendant shall obtain approval from the EEOC of its proposed trainer prior to such individual conducting a training session. Defendant shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least (30) calendar days prior to the proposed commencement date(s) of the training(s). The EEOC shall have seven (7) days from the date of receipt of the information described above to accept or reject the proposed trainer and/or proposal. In the event the EEOC does not approve Defendant's designated trainer or proposal, Defendant shall have fourteen (14) days to identify an alternate trainer and/or provide a new training proposal. The EEOC shall have seven (7) business days from the date of receipt of the information described above to accept or reject the alternate trainer and/or proposal. If the parties cannot through this process agree on a trainer or training proposal, then they may seek the Court's assistance under Paragraph 21.

16. Defendant shall certify to the EEOC, in writing, within fourteen calendar (14) days after each training session has occurred that the training has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date, location and duration of the training; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a list of all persons currently employed by Defendant at its West Washington Street franchise location.

17. Within fourteen calendar (14) days after each training session has occurred, Defendant shall provide the EEOC with copies of any and all pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

**POSTING OF NOTICES**

18. Within five (5) business days following entry of this Decree, Defendant will post a same-sized copy of the Notice attached as Exhibit B to this Decree in a conspicuous location easily

accessible to and commonly frequented by employees working at Defendant's West Washington Street franchise location. The Notice will remain posted for the term of the Decree.

19. The Notice will be written in both Spanish and English, and both versions of the Notice will be posted. Defendant shall ensure that the postings are not altered, defaced or covered by any other material.

20. Defendant shall certify to EEOC in writing within ten (10) business days after entry of this Decree that the copies of the Notices have been properly posted and identify the locations of the postings. Defendant shall permit a representative of EEOC to enter their premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## **DISPUTE RESOLUTION**

21. If either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance in writing (either via letter or e-mail) and shall afford the alleged non-complying party twenty-one (21) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty-one (21) days, the complaining party may apply to the Court for appropriate relief.

22. In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for non-compliance.

## **DURATION OF THE DECREE AND RETENTION OF JURISDICTION**

23. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two and a half (2.5) years immediately following entry of the Decree, provided, however, that if, at the end of the two-and-a-half-year period, any disputes under Paragraph No. 21, above, remain unresolved, the term of the Decree shall be automatically extended for the sole purpose of resolution of the issues raised in such disputes (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## **MISCELLANEOUS PROVISIONS**

24. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

25. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

26. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

27. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer's or management employee's knowledge, information and belief.

28. When this Decree requires notifications, reports, and communications to the Parties, they shall be made in writing and hand-delivered or mailed. They shall also be contemporaneously e-mailed to:

**For EEOC:**
Pensec Settlement
Equal Employment Opportunity Commission
230 South Dearborn, Ste. 2900
Chicago, IL 60606
Laurie.Elkin@eeoc.gov
Adrienne.Kaufman@eeoc.gov

**For Defendant:**
Martin K. LaPointe
LaPointe Law, P.C.
1200 Shermer Rd., Ste. 425
Northbrook, IL 60062
mlapointe@lapointelaw.com

Any party may change such persons or addresses by written notice to the other party, setting forth a different individual or address for this purpose.

ENTERED AND APPROVED FOR:

**For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
131 M Street, NE
Washington, DC 20507

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
Chicago District Office
230 S. Dearborn, Ste. 2900
Chicago, Illinois 60606
E-Mail: Gregory.Gochanour@eeoc.gov

s/ Deborah Hamilton
Deborah Hamilton
Supervisory Trial Attorney
Chicago District Office
230 S. Dearborn, Ste. 2900
Chicago, Illinois 60606
E-Mail: Deborah.Hamilton@eeoc.gov

Laurie Elkin
Adrienne Kaufman
Trial Attorneys

**For Defendant Pensec,
Inc., dba McDonald's:**

s/ Martin K. LaPointe
Martin K. LaPointe
LaPointe Law, P.C.
1200 Shermer Rd., Ste. 425
Northbrook, IL 60062
E-mail: mlapointe@lapointelaw.com

ENTER:	DATE:

2/28/2022

The Honorable J.P. Stadtmueller
United States District Judge